UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL PEGO,

    Petitioner,                               Case No. 15-cv-11976
                                             Hon. Matthew F. Leitman

v.

THOMAS MACKIE,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1)**

**INTRODUCTION**

Petitioner Samuel Pego ("Petitioner") is a state prisoner confined at the Oaks Correctional Facility. On June 1, 2015, Petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (*See* ECF #1). The Petition does not concern Petitioner's state-court conviction, but rather, it challenges the validity of his federal-court conviction for unlawful imprisonment, 18 U.S.C. § 13, assault with a dangerous weapon, 18 U.S.C. §§ 113(a)(3) and 1153, assault resulting in serious bodily injury, 18 U.S.C. §§ 113(a)(6), 1151, and 1153, and witness tampering. 18 U.S.C. § 117. As a result of these federal convictions, Petitioner was sentenced to 780 months of incarceration, to be served after completion of his state sentence. See *United States v. Pego*, No. 12-cv-20486. Petitioner's conviction was affirmed on appeal. *See United States v. Pego*, 567 Fed. App'x 323 (6th Cir. 2014).

1

The instant Petition asserts that 1) the trial court abused its discretion in failing to grant Petitioner substitute counsel, 2) Petitioner was denied the effective assistance of counsel, 3) the trial court's factual findings at sentencing were inadequate, and 4) the trial court erred when it imposed his sentence. Because Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the Court will **DISMISS** the Petition.

## ANALYSIS

Petitioner erroneously believes that he is required to file this action under 28 U.S.C. § 2241 instead of filing a motion in his criminal case under § 2255 because he is challenging both his conviction and sentence, rather than just his sentence. (*See* Petition at 5, Pg. ID 5.) A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims challenging his conviction or that his sentence was imposed in violation of the federal constitution or laws. *See Boumediene v. Bush*, 553 U.S. 723 (2008). A motion under § 2255 is presented to the judge who presided at the original conviction and sentencing of the prisoner and should be filed in the criminal case. *See* Rule 4(a), 28 U.S.C. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). The burden of showing that the remedy

2

afforded under § 2255 is inadequate or ineffective rests with the Petitioner. *See In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Here, Petitioner does not assert that his remedy under § 2255 is inadequate or ineffective. It appears Petitioner simply did not understand that his remedy lies with § 2255, and he has not yet attempted to file a motion under that section. And this Court cannot construe the Petition as a motion to vacate sentence brought pursuant under § 2255. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Accordingly, the Court will summarily dismiss the Petition.

## CONCLUSION

For all of the reasons stated above, the Petition (ECF #1) is **DISMISSED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of the Petition.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: June 10, 2015                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113